HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAN A. RYAN, | CASE NO. C13-5521 RBL |
| Plaintiff, | ORDER GRANTING MOTION TO DISMISS |
| v. | |
| UNITED STATES OF AMERICA, | [Dkt. #8] |
| Defendant. | |

## I.      INTRODUCTION

THIS MATTER is before the Court on Defendant United States of America's Motion to Dismiss [Dkt. #8].  Plaintiff Dan A. Ryan, through the State of Washington, brought a claim against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, for bodily injuries sustained in an accident at Naval Base Kitsap-Bangor.  On April 5, 2010, Ryan was driving a large truck through a security gate when the security system accidentally activated and large bollards rose up under the truck.  [Dkt. #1, Complaint at ¶3.1].  This caused the truck to stop abruptly, injuring Ryan's chest and right wrist.  [*Id.*].  Ryan received worker's compensation benefits for his injuries from the Washington State Department of Labor and

1  Industries.  [Dkt. #10, Response at 1-2].  He then assigned his potential FTCA claims against the

2  federal government to the State.  [*Id.* at 2].

3         On May 19, 2010, the State advised the Navy that it would be seeking recovery of

4  general and special damages from the Navy on behalf of Ryan.  [*Id.*].  The Navy responded with

5  a blank Standard Form 95 (SF 95), which is the Navy's recommended (but not required) method

6  for claimants to submit claims.  [*Id.*].

7         On March 1, 2011, Terry Lumsden was named a Special Assistant Attorney General of

8  the State of Washington for the purpose of pursuing Ryan's FTCA claim.  [*Id.*].  From April

9  2011 to December 2011, Lumsden sent four letters to the Navy regarding Ryan's claim.  [Dkt.

10  #1, Ex. A].  Two of these letters included medical records and bills totaling $4850.15.  [*Id.*, Ex.

11  A at 2-4].  Lumsden itemized these bills in the letters, and totaled the bills under the heading

12  "Current Medical Specials."  [*Id.*].  In each letter, below the total Lumsden stated, "[m]y

13  demand, including a medical summary, will follow shortly under separate cover."  [*Id.*].  The

14  December 2011 letter did not include any figure, but instead indicated that Ryan was diagnosed

15  with permanent arthritis in his right thumb, and that Lumsden would forward more receipts and

16  bills as he received them.  [*Id.*, Ex. A at 5].

17         Lumsden did not contact the Navy again until January 24, 2013, when he submitted an

18  SF 95 with a sum certain demand of $500,000. [*Id.*, Ex. B].  Because of Ryan's continued

19  problems with arthritis, this figure was substantially higher than the previous "current medical

20  specials."  On March 13, 2013, the United States rejected the claim, stating that the perfected

21

22

23

24

ORDER GRANTING MOTION TO DISMISS - 2

1 claim was filed on January 30, 2013[1], and the two-year statute of limitations on FTCA claims

2 had run on April 4, 2012.  [*Id.*, Ex. C].

3      Ryan filed this action on June 25, 2013, arguing that the claim was perfected when the

4 Navy received the letters specifying current medical specials at $4850.15, and the updated figure

5 of $500,000 was a proper amendment of the claim, allowed under 28 C.F.R. § 14.2(c) ("[A

6 properly presented claim] may be amended by the claimant at any time prior to final agency

7 action…").  The United States argues that the letters and medical bills supplied by Lumsden did

8 not claim a "sum certain" as required to perfect a claim under the FTCA.  The United States

9 argues that the claim was not perfected until January 30, 2013, some nine months after expiration

10 of the statute of limitations.

## II.     DISCUSSION

11

12      "The FTCA waives the sovereign immunity of the United States for actions in tort."

13 *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992).  An action against the United States

14 for damages resulting from the tortuous conduct of a government agency or employee must be

15 brought under the FTCA, 28 U.S.C. §§ 1346(b), 2671-2680.  Before filing an FTCA action

16 against the government, a plaintiff must first satisfy the administrative claim requirements set

17 forth in 28 U.S.C. § 2675 by presenting "(1) a written statement sufficiently describing the injury

18 to enable the agency to begin its own investigation, and (2) a sum certain damages claim."  *Blair*

19 *v. Internal Revenue Serv.*, 304 F.3d 861, 868 (9th Cir. 2002) (quoting *Warren v. United States*

20 *Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984)).

21

22 ─────────────────────

23     [1] The parties dispute whether the SF 95 was filed on January 24, 2013, or January 30,
2013.  This dispute does not matter for purposes of this Order, as both dates are well after the

24 statute of limitations expiration date of April 4, 2012.

ORDER GRANTING MOTION TO DISMISS - 3

1   The primary purpose of the requirements is "to facilitate settlement of these disputes."

2   *Caidin v. United States*, 564 F.2d 284, 287 (9th Cir. 1977).  To that end, an administrative claim

3   must be presented to the appropriate agency within two years, or "it shall be forever barred."  28

4   U.S.C. § 2401(b).  These jurisdictional requirements are strictly construed and must be satisfied

5   before a district court can acquire subject-matter jurisdiction over an FTCA claim.  *See, e.g.*,

6   *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) ("[w]e have repeatedly

7   held that the exhaustion requirement is jurisdictional and must be interpreted strictly."); *Bailey v.*

8   *United States*, 640 F.2d 344, 346 (9th Cir. 1981) ("in construing the states of limitations, which

9   is a condition of [the FTCA's] waiver requirement, we should not take it upon ourselves to

10  extend the waiver beyond that which Congress intended") (internal quotations omitted).

11      Ryan failed to present a claim for a sum certain within two years after the April 5, 2010,

12  accident.  Ryan's perfected his claim when he submitted an SF 95 in January 2013 for a sum

13  certain of $500,000—nine months after the statute of limitations expired.

14      Ryan argues that his counsel's letters to the Navy, which referenced medical costs

15  totaling $4850.15, "supply all the information required in 28 U.S.C. § 2675(a)." [Dkt. #1 at ¶

16  4.1].  But the submission of medical invoices alone does not satisfy the sum certain requirement

17  of the FTCA.  *Blair*, 304 F.3d at 869-70; *Bailey*, 642 F.2d at 347; *Nigh v. United States*, 534 F.

18  Supp. 2d 1170, 1178 (D. Mont. 2008) ("submission of medical or other bills to the appropriate

19  federal agency does not, by itself, satisfy the sum certain requirement"); *Kokotis v. United States*

20  *Postal Serv.*, 223 F.3d 275, 279 (4th Cir. 2000).

21      Here, the "current medical specials" Ryan's counsel totaled in two letters do not amount

22  to a sum certain because current medical specials are only one portion of an overall damages

23  claim and the letters indicate that a "demand" will follow later.  The State told the Navy it would

24

ORDER GRANTING MOTION TO DISMISS - 4

seek to recover special *and general* damages. [Dkt. #11, Decl. of Terry E. Lumsden, Ex. 1 at 2].

In multiple letters, Ryan's counsel clearly articulated that a "demand" would be forthcoming.

[Dkt. #1, Ex. A at 1, 3, 4]. Moreover, the "current medical specials" contemplate only past

medical expenses, not future expenses. Although there are examples in which an amount

claimed in a letter will be considered sum certain, the $4850.15 total presented in these letters

was nothing more than a total of medical expenses to date. There is no plausible evidence

indicating that this figure was ever meant to be a sum certain damages claim, and the Court will

not construe it as such now.

While dismissing Ryan's otherwise proper claim on a procedural technicality is not the

Court's preferred *modus operandi*, the purpose of the claim presentation requirement makes

clear why dismissal is appropriate. The FTCA links both the authority to settle a claim and the

source of settlement funds to the amount of the underlying claim. 28 U.S.C. § 2672; *Kokotis*,

223 F.3d at 279. By failing to present a timely claim for a sum certain, Ryan prevented the Navy

from assessing the settlement value of his claim, undermining the settlement goals of the FTCA.

The United States Motion to Dismiss is GRANTED. [2]

//

//

---

[2] Because the Court determines that Ryan failed to present a claim for a sum certain, the Court need not discuss Ryan's additional argument that his January 2013 submission of an SF 95 was an amendment to his earlier claim.

1

### III. CONCLUSION

2    The United States' Motion to Dismiss [Dkt. #8] is **GRANTED**.  Ryan's claim is

3 **DISMISSED WITH PREJUDICE**.

4    IT IS SO ORDERED.

5    Dated this 10th day of December, 2013.

6

7    _____

8    RONALD B. LEIGHTON
     UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO DISMISS - 6